# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6198 | **DATE** | 8/4/2010 |
| **CASE TITLE** | Cyber Web Smith vs. ADA, et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on two motions relating to scheduling matters. Defendants have filed a motion to extend the time for filing a motion for summary judgment [39]; Plaintiff has filed a motion to extend the time for completing fact discovery [43]. For the reasons stated below, both motions [39, 43] are granted. All written discovery must be completed by 9/15/10; all oral discovery must be completed by 9/30/10; all motions for summary judgment along with supporting memoranda and LR 56.1 statements must be filed by 10/31/10.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

By way of background, the complaint in this case was filed in October 2009. Following the initial status hearing, the Court entered the fact discovery deadline that the parties requested of March 3, 2009, and set the matter for further status on February 25, 2009. At the February 25 status hearing, the Court extended the fact discovery deadline to April 5, set the matter for further status on April 15, and requested that the parties file a joint proposal for expert and dispositive motion deadlines prior to the next status date.

On April 9, the parties submitted an agreed motion advising the Court that there would be no experts, suggesting a deadline of July 16 for the filing of any motions for summary judgment, and requesting that the Court strike the April 15 status date. The Court entered the proposed date for summary judgment motions and reset the status hearing to July 14.

Given the absence of any hint in the April 9 motion of any lingering issues concerning fact discovery, the Court might logically have concluded that all fact discovery had been completed by the April 5 deadline. However, as the briefing on the pending motions makes clear, that was not the case. It is now apparent that Plaintiff served written discovery in February, that Defendant had not responded to Plaintiff's first set of interrogatories as of the April 5 deadline, and that Defendant provided its responses in late April. It also is clear that Plaintiff served requests to produce on March 10 and Defendants responded to those requests to produce on April 26 by indicating that Defendants would make their files open for inspection. Those inspections took place in late May and early June.

In the days leading up to and immediately after the next status hearing on July 14, the parties filed a flurry of motions. The first was for substitution of counsel for Defendants [34], which was granted [36]. The second and third are the scheduling motions now before the Court. Defendants seek additional time for the filing of their summary judgment motion – which they contend is warranted under the "good cause" standard to allow

| **STATEMENT** |
|---|

new counsel to "catch up" on the case. However, Defendants oppose Plaintiff's request for additional time to complete discovery on the ground that the deadline for discovery passed almost four months ago and Plaintiff cannot show "excusable neglect" in failing to seek the extension before the time expired.

The Court views the motions together and concludes that an extension of both the discovery and dispositive motion deadlines is warranted in the circumstances. In regard to the discovery deadline, the Court notes initially that the better practice is to seek an extension prior to the deadline. With that said, it is clear that neither party was in position to conclude discovery as of April 5, and had the Court not postponed the April 15 status hearing (at the parties' suggestion), it surely would have learned at that time that an extension of the fact discovery deadline was necessary. The fact that neither side covered itself in glory in regard to ensuring that the fact discovery deadline was met, or extended in a timely fashion, leads the Court to conclude that neither side should bear the brunt of the oversight in not calling those circumstances to the Court's attention.

Moreover, under the factors that courts weigh in determining whether "excusable neglect" has been shown (see *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006)), the fact that Defendants had not responded to Plaintiff's interrogatories or offered to make requested documents available until after the deadline passed undermines any argument that an extension would prejudice Defendants. In addition, the length of the delay – a couple of months in what was a relatively short discovery schedule – is minimal. As noted above, both sides contributed to the delay. And, finally, given the fact that both sides were engaged in the discovery process well after the April 5 deadline and neither party alerted the Court to the failure to complete fact discovery within the deadline, the Court concludes that the misunderstanding requiring the filing of a belated motion to extend was the product of oversight, not an absence of good faith. Finally, while the Court agrees with Defendants that Plaintiff's computer malfunctions in May appear to have little, if anything, to do with missing a deadline in April, the other circumstances persuade the Court that the extension is warranted, even after the fact.

For all of the reasons stated above, the Court finds that Plaintiff satisfies the "excusable neglect" standard and will grant Plaintiff's motion to extend the deadlines for fact discovery [43] as follows: all written discovery must be completed by 9/15/10; all oral discovery must be completed by 9/30/10. The Court has extended those deadlines beyond the dates requested in the motion to account for the time spent in briefing and resolving the motion. No further extensions of these dates will be granted absent extraordinary circumstances and the parties are directed to make all best efforts to complete the discovery process cooperatively and on time.

The Court also concludes that an extension of the deadline for the filing of any motions for summary judgment is warranted. While allowing a reasonable period of time for new counsel to become acquainted with a case usually benefits everyone in the litigation, the Court hesitates to opine that substitution of counsel constitutes "good cause" in every circumstance; if that were the case, a party could manipulate a scheduling order merely by changing lawyers. In the circumstances of this case, however, there is ample reason to extend the deadline for summary judgment motions. In addition to giving counsel time to get up to speed, it makes sense to allow the parties a month's time after the close of discovery to evaluate their positions and marshal their arguments for summary judgment. Accordingly, the Court grants Defendants' motion to extend the deadlines for the filing of summary judgment motions [39] to 10/31/10.

As a final matter, the Court notes that counsel for Plaintiff failed to appear at the 7/30/10 status hearing. When only one side appears for a status, the counsel who does appear is inconvenienced and the Court's ability to move the case forward is compromised. Counsel for Plaintiff is cautioned that failure to appear for motion or status hearings may result in the imposition of sanctions. See, *e.g.*, *D'Ambrosio v. Chicago Truck*

| STATEMENT |
|---|
| *Drivers*, 1990 WL 146709, at *1 (N.D. Ill. Oct. 3, 1990) (Rovner, J.) (sanctioning counsel who failed to appear in court amount necessary to compensate opposing counsel for his time in appearing in court). |