IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYBER WEBSMITH, INC. d/b/a DENTAL WEBSMITH, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 09-CV-6198 |
| AMERICAN DENTAL ASSOCIATION, ET AL., | ) ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss Counts III (Lanham Act) and IV (Illinois Deceptive Trade Practices Act) of Plaintiff's complaint [23]. For the reasons stated below, the Court grants Defendants' motion to dismiss to dismiss Counts III (Lanham Act) and IV (Illinois Deceptive Trade Practices Act) of Plaintiff's complaint [23].

**I.    Background**[1]

Plaintiff Cyber Websmith, Inc. d/b/a Dental Websmith, Inc. ("Cyber") seeks damages for the alleged willful infringement of its registered copyrights by Defendants American Dental Association, ADA Business Enterprises, Inc., ADA Intelligent Dental Marketing, L.L.C., and Dr. Robert A. Faiella, DMD (referred to collectively as "Defendants"). The complaint alleges that Defendants are operating Internet websites comprised of HTML website pages, text, graphics, and photographs that have been copied directly from Plaintiff's copyrighted website templates. The complaint further alleges that Defendants are distributing copies of the templates without

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the first amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

authorization and marketing and selling website design and marketing services based upon the templates. Plaintiff alleges that Defendants' are acting in direct competition with Plaintiff's business of providing website design and marketing services to dental practices. The complaint further alleges that Defendants are causing consumer confusion, mistake, and deception by creating an association between the services and creative works being offered by Defendants and Defendant ADA and deceptively conferring an air of legitimacy among the public by selling design and marketing services incorporating the ADA trademarks. Compl. at ¶¶ 22-23. Plaintiff alleges claims arising under the Copyright Act (Counts I and II), the Lanham Act (Count III), and the Illinois Deceptive Trade Practices Act (Count IV).

## II.     Legal Standard On Motion To Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III.    Analysis**

In addition to its infringement claims (Counts I and II), Plaintiff seeks relief under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count III) and under the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS 510/2 (Count IV). Defendants contend that Counts III and IV are preempted by the Copyright Act, 17 U.S.C. § 301(a).

Section 301 preempts causes of action that are equivalent to copyright infringement claims:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright * * * are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.

17 U.S.C. § 301(a). The Seventh Circuit has held that "to avoid preemption, [the] law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law – i.e., conduct other than reproduction, adaptation, publication, performance, and display." *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005). The Seventh Circuit's interpretation of § 301(a) preemption requires application of a two-prong test to preempt claims. See *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n.*, 805 F.2d 663, 674 (7th Cir. 1986). A court looks first to whether the work at issue is "fixed" and within the subject matter of the copyrights. *Id.*; see also *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447, 1453 (7th Cir. 1996). The court next determines whether the rights claimed are equivalent to the exclusive rights or the lack of such rights as determined by § 106 of the Copyright Act. *Baltimore Orioles,*, 805 F.2d at 674. Only the second prong of the test is relevant here – whether the claims asserted by Plaintiff in Counts III and IV are merely duplicative of its copyright claims. A right

3

is "equivalent" if it mirrors the rights set forth in § 106 or, even though it may require additional elements to make out a cause of action, such additional elements do not differ in kind from those necessary for copyright infringement. *Id*. at 676-78. "To avoid preemption, the [additional] claim must incorporate an extra element that changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Kluber Skahan & Associates, Inc. v. Cordogen, Clark & Assoc., Inc.*, 2009 WL 466812, at *10 (N.D. Ill. 2009) (internal citations omitted).

Plaintiff contends that the following allegations provide the required "extra element" to qualitatively change the nature of its claims and sidestep preemption of Counts III and IV: (1) by affixing the ADA trademark to web pages and services marketed by Defendants, Defendants cause consumer confusion, mistake and deception and create an association between the services and creative works offered by Defendants and the ADA; and (2) by affixing the ADA trademark to web pages and services marketed by Defendants, Defendants conferred an air of legitimacy among the public regarding the services and creative works offered by Defendants. See, *e.g.*, Compl. at ¶¶ 50-51. Plaintiff relies on *Weidner v. Carrol*, 2007 WL 2893637 (S.D. Ill. Sept. 28, 2007), in which the court, in finding that plaintiffs' state law claim was not preempted, noted that plaintiff's state law claim had alleged "an additional element not required by the Copyright Act: likelihood of confusion."[2] Id. at *5. However, the next sentence of the court's opinion states that "this element alone [likelihood of confusion] would not bar preemption." Instead, the court determined that the IUDTPA claim focused on the confusion created regarding the "relationship" between the plaintiffs and defendants. *Id*. (internal citations omitted). Similarly, in *Stephen & Hayes Const. v. Meadowbrook Homes, Inc.*, 988 F. Supp. 1194 (N.D. Ill. 1998), the court

---

[2] Although the *Weidner* court found that plaintiff's state law claim was not preempted, the court dismissed the plaintiff's Lanham Act claim. Weidner, 2007 WL 2893637, at *4.

4

determined that the state law claim was not preempted by the federal copyright claim because it was based on defendant's representations that it had an "affiliation or relationship" with the plaintiff. Similar allegations are not present in this case – specifically, Plaintiff does not allege that Defendants have made claims or representations that they are affiliated or have a relationship *with Plaintiff*.

In each of its claims, Plaintiff argues that the harm that it suffered occurred as a result of Defendants' alleged misappropriation of its copyrighted works. In that regard, Plaintiff's Lanham Act and Illinois Deceptive Trade Practices Act claims are premised on various theories of "reverse passing off." And while "passing off" claims avoid 17 U.S.C. § 301 preemption, reverse passing off claims tend not to survive.[3] *Kluber Skahan*, 2009 WL 466812, at *10; see also *Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 959 (N.D. Ill. 2002). Plaintiff has alleged extra elements beyond those required for copyright infringement (see also *Kluber Skahan*, 2009 WL 466812, at *10; *Reinke & Assocs. Architects Inc. v. Cluxton*, 2003 WL 1338485, at *2 (N.D. Ill. Mar. 18, 2003)); however, Plaintiff's allegations derive from nothing more than "the inherent misrepresentation that accompanies the unauthorized copying and distribution of another's copyrighted work," which is simply "not enough" to avoid preemption. *Kluber Skahan*, 2009 WL 466812, at *10. "[C]onsumer confusion and deception * * * have been held to be inherently present in any copyright action and are therefore not considered extra elements that qualitatively alter the nature of a claim where they are asserted." *Lacour v. Time Warner, Inc.*, 2000 WL 688946, at *7 (N.D. Ill. May 24, 2000); see also *Natkin v. Winfrey*, 111 F. Supp. 2d 1003, 1013 (N.D. Ill. 2000) (dismissing

---

[3] "Passing off * * * occurs when a producer misrepresents his own good or services as someone else's. Reverse passing off, as its name implies, is the opposite: The producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n. 1 (2003). In the present case, Plaintiff alleges that Defendants are misrepresenting Plaintiff's works as their own.

plaintiffs' Lanham Act and state law claims because plaintiffs did nothing more than re-allege their copyright claims in those counts). Here, the assertion of consumer confusion and deception, without more, does not allow Plaintiff to sidestep preemption under Section 301. Accordingly, as currently pled, the Court cannot identify a qualitative difference between Plaintiff's copyright claims and those asserted in Counts III and IV. Therefore, Counts III and IV are dismissed without prejudice.[4]

## III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss Counts III (Lanham Act) and IV (Illinois Deceptive Trade Practices Act) of Plaintiff's complaint [23]. Counts I and II remain pending.

Dated: August 4, 2010                        _____
                                             Robert M. Dow, Jr.
                                             United States District Judge

---

[4] The Court declines Defendants' request (see Def. Reply at 5) that the Court dismiss Plaintiff's Lanham Act and IDTPA claims *with* prejudice at this time. While Defendants correctly cite Seventh Circuit law holding that "[a]llegations in a complaint are binding admissions" (*Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995)) and it is not evident to the Court how Plaintiff might be able to replead Counts III and/or IV in a manner that would survive a motion to dismiss, it is not clear that any attempt to amend would be futile either. Accordingly, the Court follows the general rule of dismissing Counts III and IV without prejudice to "give the plaintiff at least one opportunity to amend [its] complaint" if it is able to do so within the rules. See *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).